Bartley, C. J.
The ground of the motion to dismiss the appeal was that, after the judgment in the common pleas, on the 12th of March, 1852, the defendants gave notice of appeal, which was at that time entered on the records of the court; whereas the law regulating appeals from the common pleas to the district court, and providing for the notice of appeal, was not enacted until the 23d day of the same month. This notice of the intention of the party to appeal, although entered on the journal of the court prior 176] *to the passage of the law, remained tb,ere, after the law had taken effect, as a standing notice in the case. The opposite party was bound to presume that the appellants would avail themselves of any law which might exist within the time allowed for perfecting the *177 appeal for carrying out tbeir intention. With this notice in the case standing on the journal, it would have been idle to have required another notice to be given after the passage of the law. The notice of appeal given, therefore, and still standing in the case, operating as a sufficient notice to the opposite party of such intention to appeal, it becomes unnecessary for us to go further and inquire whether the motion to dismiss the appeal for mere informality in perfecting it, came too late after verdict.
As to the other assignment of error, it is sufficient to say, that the verdict fully responds to the issue made by the plea of non-assumpsit ; and this covered the whole ground of the defense set up in the special pleas. As accord and satisfaction could have been given in evidence under the general issue, the special pleas were superfluous; and it did not become essential that the jury should pass upon them in form.

Judgment of the district court affirmed,-and cause remanded.

Swan, .Brinkerhoee, Bowen, and Soora?, JJ., concurred.